UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE A. ADAMES,<br><br>                              Plaintiff,<br><br>v.<br><br>ROBERT J. BIKOWSKI, JONATHAN S.<br>PAWLYK, CAPT. NATHAN E. HAYNES,<br>and SGT. TRITT,<br><br>                              Defendants. | Case No. 16-CV-1010-JPS<br><br><br><br>**ORDER** |

Before the Court are three of Plaintiff's motions. First is Plaintiff's motion for appointment of counsel (Docket #13), which the Court will deny. As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if he: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. banc 2007)). Here, Plaintiff's sole argument that he should be appointed counsel is that he is indigent. Because he makes no showing that he has made reasonable attempts to secure counsel, or that his case is sufficiently complex to merit the appointment of counsel, the Court must deny the motion without prejudice at this time.

Second is Plaintiff's motion for a temporary restraining order. (Docket #15). He seeks to restrain several prison employees from performing their jobs because they have allegedly treated him differently since he filed this

suit and have told him to drop the lawsuit. The request must be denied. To be granted preliminary injunctive relief, Plaintiff must show: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009). Such relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)). Plaintiff's unverified allegations that prison officials have retaliated against him is, without more, insufficient to warrant the extreme measure he requests: enjoining them from performing their job duties. Moreover, such allegations fall short of the clear showing of immediate and irreparable harm warranting preliminary injunctive relief. As a result, the motion will be denied.

Finally, before the Court is Plaintiff's motion for leave to file an amended complaint. (Docket #14). Plaintiff seeks to make only one change to his original complaint. Specifically, Plaintiff alleges that the officer who bent his wrist and cause a skin laceration was correctional officer Brad D. Bade ("Bade"). *Id.* at 1. Bade was named as a defendant in Plaintiff's complaint, but Plaintiff did not allege that it was Bade who engaged in this conduct. Because Plaintiff had no allegations specifically implicating Bade,

the Court dismissed him at the screening stage. (Docket #8 at 4). Because the Court must construe Plaintiff's *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must grant leave to amend freely when justice requires, Fed. R. Civ. P. 15(a)(2), the Court will permit Plaintiff leave to file an amended complaint.

However, Plaintiff's filing is not in itself sufficient to constitute an amended complaint. Although Plaintiff would like the Court to simply add Bade back into the case, this is not the proper procedure for amending a pleading. An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Therefore, Plaintiff must file an amended complaint that is complete in itself and which includes these new allegations against Bade. Plaintiff must file this amended complaint no later than **December 27, 2016**, or he will have forgone his opportunity to add Bade as a defendant.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint (Docket #14) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order no later than **December 27, 2016**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #13) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Docket #1) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 9th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge