UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE A. ADAMES,<br><br>        Plaintiff,<br>v.<br><br>ROBERT J. BIKOWSKI, JONATHAN S. PAWLYK, BRAD D. BADE, NATHAN E. HAYNES, and JODI L. TRITT,<br><br>        Defendants. | Case No. 16-CV-1010-JPS<br><br><br><br>**ORDER** |

On November 9, 2016, the Court screened Plaintiff's original complaint and allowed Plaintiff to proceed on an excessive force claim against several of the Defendants. (Docket #8). On November 28, 2016, Plaintiff requested leave to file an amended complaint. (Docket #14). The Court granted Plaintiff's request (Docket #17), and on December 19, 2016, Plaintiff filed his amended complaint (Docket #20).

As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #8 at 1–3).

Plaintiff's allegations in his amended complaint similar to those in his original complaint, but they add several additional details. Plaintiff alleges that on January 31, 2016, he informed Defendant Jonathan Pawlyk

("Pawlyk"), a correctional officer, of his suicidal thoughts. (Docket #20 at 3). Pawlyk responded that there was no psychological staff available to see him. *Id.* Plaintiff attempted suicide later that day by hanging himself in his cell, but he failed in his attempt. *Id.* He instead fell from the top of his sink and hit his head on the floor, knocking himself unconscious. *Id.*

Plaintiff alleges that while he was unconscious, he was pepper-sprayed by Defendant Jodi L. Tritt ("Tritt") and tasered twice by Defendant Nathan E. Haynes ("Haynes"). *Id.* Plaintiff was then handcuffed, shackled, and dragged from his cell. *Id.* On Haynes' orders, Pawlyk and Defendant Robert J. Bikowski ("Bikowski") dragged Plaintiff in a headlock, by the neck, or by his arms down the hallway to a strip search cell. *Id.* at 3–5. Pawlyk, Bikowski, Bade, and Haynes then performed a strip search of Plaintiff. *Id.* at 4. Haynes ordered Bade and Pawlyk to apply a "compliance hold" on Plaintiff's wrists in the event that Plaintiff did not comply with staff directives to open his mouth during the search. *Id.* The two officers then applied the compliance hold to Plaintiff's wrists—Bade on the left arm and Pawlyk on the right—while Bikowski performed the actual strip search. *Id.* The compliance hold caused Plaintiff excruciating pain and caused the handcuffs Plaintiff was wearing to lacerate his skin. *Id.* Plaintiff claims that although he complied with the officers' directives during the search, Bade continued to apply the compliance hold. *Id.*

After the search was completed, the officers placed a towel around Plaintiff's waist for privacy, and Pawlyk and Bade escorted Plaintiff to an observation cell. *Id.* Even as they were escorting him to the observation cell, Pawlyk and Bade continued to apply the compliance hold to Plaintiff's wrists, which caused further lacerations and severe pain. *Id.* Plaintiff alleges that he could not talk at this point and therefore was not able to report to

anyone the injuries he had suffered to his head, back, neck, shoulders, and wrist. *Id.* Plaintiff claims that the correctional officers acted with "brutality." *Id.*

Plaintiff further alleges that he was never taken to a hospital after this incident and that "it took me over 20 hours just to be seen by a nurse." *Id.* He asserts that he was seen by a nurse the next day, February 1, 2016, and was given ibuprofen for pain. *Id.* He wrote to the medical services personnel at the prison on February 11 and 18, 2016, complaining that he was still in a lot of pain and that the ibuprofen was not helping at all. *Id.* He alleges that at this time he was unable to sleep because he was not able to lay down on his head, neck, or shoulders. *Id.* He attributes those injuries to the officers' conduct on January 31, 2016. *Id.* He also claims that as a result of that incident, his hands fall asleep often and he cannot squeeze anything very hard because it causes pain. *Id.*

As in his original complaint, Plaintiff's primary claim is for Defendants' use of excessive force against him on January 31, 2016. As before, the Court finds that Plaintiffs' allegations, construed liberally, suffice to state such a claim with respect to Defendants Tritt, Haynes, Bade, Pawlyk, and Bikowski. *See Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).[1]

Plaintiff also appears to allege facts supporting a claim for deliberate indifference to his serious medical needs, in violation of the Eighth

---

[1]Plaintiff does not name Defendant Tritt in the caption of his amended complaint. Nevertheless, the Court will allow Plaintiff to proceed against her because she is clearly identified in the body of the complaint and Plaintiff requests relief against her. *See* (Docket #20 at 2, 5).

Amendment. To state a claim of deliberate indifference to serious medical need, Plaintiff must allege: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused Plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "With regard to the deliberate indifference prong," the Seventh Circuit instructs that "[t]he official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Mere negligence will not suffice. *Id.*

In his amended complaint, Plaintiff alleges that his treatment after the January 31, 2016 incident was delayed and that the pain medication he was provided was insufficient to curb his pain. However, Plaintiff fails to explain what Defendants did or did not do with respect to his serious medical needs. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Defendants, who are correctional officers and not medical staff, are generally not responsible for Plaintiff's medical care. Instead, they are liable for deliberate indifference to Plaintiff's medical needs only if they ignored his medical complaints, failed to investigate such complaints, or permitted him to receive treatment from prison medical staff knowing that they were mistreating or not treating Plaintiff's conditions. *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Plaintiff's amended complaint contains no such allegations and, as a result, Plaintiff has not stated a deliberate indifference claim against the existing Defendants. If Plaintiff wishes to proceed on such a claim, he must submit another amended complaint stating the same and identifying the appropriate prison officials who allegedly acted with deliberate indifference to his serious medical needs. Plaintiff is advised that if he files an amended complaint, it

Page 4 of 6

Case 2:16-cv-01010-JPS   Filed 12/28/16   Page 4 of 6   Document 21

will supersede the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

In sum, the Court finds that Plaintiff may proceed only on the following claim at this time: excessive force by Defendants Tritt, Haynes, Pawlyk, Bade, and Bikowski on January 31, 2016, in violation of the Eighth Amendment.

The Court will also address Plaintiff's pending motion for transfer to another correctional institution. (Docket #19). Plaintiff requests that the Court order his transfer to another prison because, according to him, he has received threats from a correctional officer about this lawsuit and has suffered retaliation in the form of searches of his effects. *Id.* Plaintiff's motion must be denied, for the matter of transfer between correctional institutions is generally not within the Court's purview. Instead, this is an administrative matter for the Department of Corrections to consider. *See Capoeira v. Pollard*, Case No. 16-CV-224, 2016 WL 1452398, at *4 (E.D. Wis. Apr. 13, 2016); *Lindsey v. Brown*, No. 2:13–cv–00068–JMS–WGH, 2013 WL 5148347, at *1 (S.D. Ind. Sept. 11, 2013). Additionally, Plaintiff's unverified allegations of retaliation do not clearly demonstrate that he is in imminent danger of irreparable harm, thereby meriting preliminary injunctive relief. *See Teamsters Local Unions Nos. 75 & 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006); *Douglas v. Lemmon*, No. 2:16-cv-00368-JMS-DKL, 2016 WL 7034965, at *2 (S.D. Ind. Dec. 2, 2016) (denying motion for transfer to another prison based on alleged retaliation for bringing lawsuit). The motion will, therefore, be denied.

Accordingly,

Page 5 of 6

Case 2:16-cv-01010-JPS   Filed 12/28/16   Page 5 of 6   Document 21

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint (Docket #20) and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendants Jodi L. Tritt, Nathan E. Haynes, Jonathan S. Pawlyk, Brad D. Bade, and Robert J. Bikowski;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, those Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for transfer to another correctional institution (Docket #19) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge