# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE A. ADAMES,<br><br>        Plaintiff,<br>v.<br><br>ROBERT J. BIKOWSKI, JONATHAN S. PAWLYK, BRAD D. BADE, NATHAN E. HAYNES, JODI L. TRITT, and GWENDOLYN A. VICK,<br><br>        Defendants. | Case No. 16-CV-1010-JPS<br><br><br><br>**ORDER** |

    Plaintiff, an inmate at Waupun Correctional Institution ("Waupun"), alleges that after he attempted suicide in his cell on January 31, 2016, officers caused severe injuries to his head, neck, back, shoulders, and wrists while they strip-searched him and escorted him to suicide observation. On November 9, 2016, the Court screened Plaintiff's original complaint and allowed Plaintiff to proceed on an excessive force claim against those officers. (Docket #8). Plaintiff filed his first amended complaint on December 19, 2016. (Docket #20). The Court screened that complaint and found that Plaintiff could continue to proceed on his excessive force claim. (Docket #21 at 3). However, the Court did not allow him to proceed on a claim for deliberate indifference to his serious medical needs arising from allegedly inadequate and delayed medical care after the excessive force incident. *Id.* at 4–5. The Court advised that if Plaintiff wanted to attempt to state such a claim, he would need to amend his complaint again. *Id.*

    On February 17, 2017, Plaintiff filed a motion for leave to file a second amended complaint. (Docket #24-1). His proposed second amended complaint was attached to the motion. (Docket #24). The Court will grant

Plaintiff's motion for leave to amend the complaint. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court now turns to screening the second amended complaint, as it must under the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #8 at 1–3).

Plaintiff's allegations in his second amended complaint are nearly identical to the allegations in the first amended complaint. As a result, the Court will assume familiarity with its prior screening orders and address only Plaintiff's new allegations. *See* (Docket #8 and #21). New to the second amended complaint are more detailed allegations regarding Plaintiff's allegedly inadequate and delayed medical treatment after the January 31, 2016 excessive force incident. Plaintiff asserts that he was never taken to a hospital after the incident and that "it took me over 20 hours just to be seen by a nurse." (Docket #24 at 5). He states that he went to sick call on February 1, 2016, and was seen by a nurse, Gwendolyn A. Vick ("Vick"). *Id.* She prescribed ibuprofen for his pain and told Plaintiff that she had scheduled him to see a "health care provider." *Id.*

Plaintiff alleges that he did not immediately receive the prescribed medicine. *Id.* He wrote to Waupun healthcare staff on February 7, 2016, informing them that he had never received the ibuprofen. *Id.* He received the medication sometime that day. *Id.* at 1. He wrote to them again on February 11 and 18, 2016, complaining that he was experiencing severe pain and that the ibuprofen was "not helping at all." *Id.* at 5–6. On February 20, 2016, a

nurse responded to the February 18 request for care, stating that Plaintiff had an appointment with a doctor "coming up." *Id.* at 6. Plaintiff submitted two additional healthcare requests, one on February 22 and another on March 7, 2016, asking when the doctor's appointment would occur and reiterating that he was in extreme pain. *Id.* at 1, 6.

According to Plaintiff, he did not see a doctor until sometime in March 2016. *Id.* at 6. During this period of delay, Plaintiff claims he suffered incredible pain. *Id.* He was not able to sleep because it caused too much pain to lay down on his head, neck, or shoulders. *Id.* He also asserts that since the incident, his hands fall asleep often and he cannot squeeze anything very hard because it causes pain. *Id.* Plaintiff attributes his delayed and deficient healthcare to Vick and the Waupun healthcare department generally, and seeks to join both in a deliberate indifference claim brought pursuant to the Eighth Amendment. *See id.* at 1–2, 7.[1]

As noted in the Court's second screening order, to state a claim of deliberate indifference to serious medical need, Plaintiff must allege: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused Plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "With regard to the deliberate indifference prong," the Seventh Circuit instructs that "[t]he official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Mere negligence will not suffice. *Id.*

---

[1]It is not entirely clear whether Plaintiff wants to join the Waupun healthcare department as a defendant, *see* (Docket #24 at 2), but because Plaintiff does not state a claim against the healthcare department in any event, the Court will assume that Plaintiff sought to join it as a defendant for purposes of its analysis.

Generously construing Plaintiff's allegations against Vick, the Court finds that they suffice to state a deliberate indifference claim based on the allegedly inadequate and delayed medical care she provided for his injuries and pain. The facts may ultimately show that Vick played only a minor role in providing Plaintiff with care or that any error she made was at worst negligence, but at this early stage, the Court will permit the claim against her to proceed.

The same is not true for Plaintiff's broader complaints against the Waupun healthcare department. As the Court warned Plaintiff in its second screening order, "'public employees are responsible for their own misdeeds but not for anyone else's.'" (Docket #21 at 4) (quoting *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009)). Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, there is no collective liability or *respondeat superior* in Section 1983 actions. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Applying these principles, Plaintiff's vague allegations that unnamed individuals in the Waupun healthcare department collectively delayed his doctor's appointment or ignored his requests for care after February 7, 2016 do not state a claim for deliberate indifference against the healthcare department as a whole. The healthcare department cannot be liable for any individual's constitutional violations simply because it employed that person. Absent an allegation that the prison's healthcare provider had a policy or custom that permitted the violations to occur, it cannot not be liable under Section 1983. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985). There is no such allegation here, nor could any such inference be drawn from these

facts, and so the second amended complaint fails to state a claim against the Waupun healthcare department.

In sum, the Court finds that, based on Plaintiff's second amended complaint, he may proceed on the following claims: (1) a claim of excessive force, in violation of the Eighth Amendment, against Defendants Tritt, Haynes, Pawlyk, Bade, and Bikowski, arising from the events of January 31, 2016; and (2) a claim of deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, against Defendant Vick for inadequate and delayed medical care following the January 31, 2016 excessive force incident.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file his second amended complaint (Docket #24-1) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Waupun Correctional Institution healthcare department be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's second amended complaint (Docket #24) and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendant Gwendolyn A. Vick;

**IT IS FURTHER ORDERED** that all Defendants shall file a responsive pleading to the second amended complaint;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge