UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE A. ADAMES,

                      Plaintiff,

v.

ROBERT J. BIKOWSKI, JONATHAN S. PAWLYK, BRAD D. BADE, CAPT. NATHAN E. HAYNES, SGT. TRITT, and GWENDOLYN VICK,

                      Defendants.

Case No. 16-CV-1010-JPS

**ORDER**

        Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's recently filed "Demand for Discovery and Inspection." (Docket #31). The "motion" is in fact a set of discovery requests Plaintiff directs at Defendants. *See id.*

        This is the second time in less than a month that Plaintiff has inappropriately filed discovery requests with the Court rather than serve them on Defendants. *See* (Docket #29 and #30). After the first attempt, the Court instructed Plaintiff on the proper procedure for raising discovery disputes with the Court, should they arise. (Docket #30 at 2). The instant motion does not comply with that procedure, since it does not note anywhere that reasonable meet-and-confer efforts with respect to these discovery requests have failed. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37; *Williams v.*

*Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007).[1] Thus, the motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's demand for discovery and inspection (Docket #31) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] That process might be especially important with respect to the present requests, as they appear to be copied verbatim from a set of discovery requests that would have been made in a criminal proceeding. *See, e.g.*, (Docket #31 at 1–2, ¶ 6) (requesting *Brady* materials). As a result, Defendants may have several viable objections to interpose.