# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE A. ADAMES,

                Plaintiff,

v.

ROBERT J. BIKOWSKI, JONATHAN S. PAWLYK, BRAD D. BADE, CAPT. NATHAN E. HAYNES, JODI L. TRITT, and GWENDOLYN A. VICK,

                Defendants.

Case No. 16-CV-1010-JPS

**ORDER**

## 1.    INTRODUCTION

Plaintiff's lawsuit alleges that Defendants Robert J. Bikowski ("Bikowski), Jonathan S. Pawlyk ("Pawlyk"), Brad D. Bade ("Bade"), Capt. Nathan E. Haynes ("Haynes"), and Jodi L. Tritt ("Tritt") (collectively, the "Officers"), all correctional officers at Waupun Correctional Institution ("Waupun"), used excessive force against him in relation to his suicide attempt on January 31, 2016, namely in obtaining compliance from Plaintiff and later extracting him from his cell. (Docket #21 at 2-3). Plaintiff further alleges that Defendant Gwendolyn A. Vick ("Vick"), a nurse at Waupun, was deliberately indifferent to his medical needs after the excessive force incident. (Docket #26 at 2-3). On February 23, 2017, the Court screened Plaintiff's second amended complaint (his current operative pleading) and allowed him to proceed on both claims pursuant to the Eighth Amendment. *Id.* at 5.

On September 1, 2017, Defendants moved for summary judgment on, *inter alia*, the ground that Plaintiff failed to exhaust his administrative

remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #48). Plaintiff filed responsive materials on September 18, 2017. (Docket #55, #56, and #57). Defendants replied on October 2, 2017. (Docket #59). For the reasons explained below, Defendants' motion must be granted.

2.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3.   **BACKGROUND**

   **3.1   Plaintiff's Failure to Dispute the Material Facts**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered January 24, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #23 at 2-3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #48). He was provided with additional

copies of those Rules along with Defendants' motion. *Id.* at 3-13. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #50). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff submitted a six-page document titled "Plaintiff's Response to Defendants' Proposed Finding of Fact." (Docket #55). Despite its name, the document does not actually respond to Defendants' proposed facts in an understandable manner. Instead, Plaintiff variously responds to Defendants' facts out of order (changing the numbering as established in Defendant's own statement), re-words the facts, or simply conjures up facts out of thin air. *See, e.g., id.* at 2, ¶ 7 (correctly transcribing Defendant's proposed fact No. 8), ¶ 9 (changing Defendants' wording), ¶ 10 (stating a "fact" found nowhere in Defendant's statement). More importantly, none of Plaintiff's responses to these "facts" are supported by citation to any evidence. *See generally id.* In sum, the document does not appropriately respond to Defendants' statement of facts. Civil L. R. 56(b)(2)(B).

Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ.

L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2 Exhaustion of Prisoner Administrative Remedies

It is helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841-42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps inmates must take to exhaust their administrative remedies under the ICRS. First, an inmate must file a complaint with the Institution Complaint Examiner

("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. *Id.* at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within ten days. *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

### 3.3    RELEVANT FACTS

On February 2, 2016, Plaintiff filed a complaint about the alleged excessive force incident.[1] The complaint was investigated by the assigned ICE, who determined that excessive force had not been used, and therefore recommended dismissal. Brian Foster, Waupun's warden and the reviewing authority, agreed with the recommendation on April 3, 2016. In a letter dated May 27, 2016, Plaintiff wrote to the CCE's office asking about

---

[1]These facts are drawn from Defendants' now-undisputed statement of facts. (Docket #50).

the status of his appeal for that complaint. The CCE's office wrote back a few days later, informing Plaintiff that it had never received such an appeal. Confusingly, on July 29, 2016, Plaintiff again asked the CCE for a status update on his appeal. The CCE responded that it still had no record of an appeal.

It was not until August 15, 2016, that Plaintiff submitted an appeal to the CCE. This was long after his ten-day window for filing an appeal had closed. CCEs are authorized to accept a late filing if the inmate shows good cause, Wis. Admin. Code DOC § 310.13(3), but Plaintiff did not supply any. On September 23, 2016, the CCE recommended dismissing Plaintiff's appeal as untimely, and the recommendation was accepted on October 7, 2016. Plaintiff never filed any complaints about inadequate medical care by Vick, or anyone else, in connection with the January 31, 2016 incident.

4. ANALYSIS

Taking Defendants' facts as undisputed, Plaintiff has not exhausted his administrative remedies. Though he began the process with respect to the Officers' conduct, Plaintiff simply failed to take his complaint across the finish line by timely appealing it to the CCE and, later, the Secretary. Prison officials were well within their rights to reject Plaintiff's late-filed appeal. *Pozo*, 286 F.3d at 1024-25 (finding that a Wisconsin inmate did not exhaust his remedies when he filed an untimely appeal). As to Vick, Plaintiff did not file any complaints at all, much less carry them through the appeals process. Plaintiff's brief in opposition to Defendants' motion focuses on the substance of his claim, and does not even attempt to argue that he properly exhausted his administrative remedies. *See generally* (Docket #56).

**5. CONCLUSION**

As to the exhaustion of his administrative remedies, Plaintiff failed to contest the facts Defendants proffered or the arguments in their brief. Viewing those undisputed facts in the light most favorable to him, the Court is obliged to conclude that this lawsuit must be dismissed because he failed to achieve proper exhaustion. This action will, therefore, be dismissed without prejudice.[2] Plaintiff's motion for summary judgment, (Docket #45), and Defendants' motion to strike that filing, (Docket #47), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #48) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #45) and Defendants' motion to strike (Docket #47) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2] Although it is unclear whether Plaintiff will be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.